UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Patricia Sornsen,

Plaintiff,

v.

The Wackenhut Corporation,

Defendant.

Civil: 01-1152 ~~JMR~~/FLN
01-1967 JMR/FLN

**ORDER**

---

Sheila Dokken, Esq., for Plaintiff.
Dan Ballentine, Esq., for Defendant.

---

**THIS MATTER** came before the undersigned Magistrate Judge on August 19, 2002, on Plaintiff's Motion to Amend the Complaint to Assert a Claim for Punitive Damages [#17].

## I. INTRODUCTION

Plaintiff Patricia Sornsen, former employee of The Wackenhut Corporation ("Defendant"), brought this action alleging that Defendant, via its managerial employees, violated her rights under state and federal employment laws. Specifically, Plaintiff contends that she suffered retaliation in violation of Title VII and the Minnesota Human Rights Act in response to her complaints about sexual harassment. She now seeks leave of this Court to amend her complaint to assert a claim for punitive damages.

(42)

FILED 8-22-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

## II. DISCUSSION

### A. Plaintiff's Motion to Amend the Complaint to Assert Punitive Damages Arising Out of Her Retaliation Claim Under Federal Law - Title VII of the Civil Rights Act of 1964

Whether to grant or deny a motion for leave to amend is a decision within the sound discretion of the district court. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). The Federal Rules of Civil Procedure liberally permit amendments to pleadings. See Fed. R. Civ. P. 15(a). In cases such as this, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Indeed, in the absence of any apparent reason, "this mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962). Factors that militate against granting leave to amend are "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Foman, 371 U.S. at 182; Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987); Dennis v. Dillard Dep't Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000). However, delay alone is insufficient to deny a motion for leave to amend. See Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 694 (8th Cir. 1981). Rather, the party opposing the motion must show that it will be unfairly prejudiced. See Mercantile Trust Co. v. Inland Marine Prods. Corp., 542 F.2d 1010, 1012 (8th Cir. 1976).

With respect to Plaintiff's Title VII claim, there is no requirement that she make any evidentiary showing in order to assert a claim for punitive damages. See Gamma-10 Plastics, Inc., v. American President Lines, Ltd., 32 F.3d 1244 (8th Cir. 1994) (holding that disposition of motion to amend complaint to state punitive damages claim under federal law was controlled by federal rule

governing amendment of pleadings); Ulrich v. City of Crosby, 848 F. Supp. 861, 877 (D. Minn. 1994); Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 534-36 (1999). As it pertains to her Title VII claim, Plaintiff's motion is governed by Fed. R. Civ. P. 15(a). Based upon the files, records, and proceedings herein, this Court concludes that leave to file an amended complaint to assert a claim for punitive damages will be granted as it pertains Plaintiff's' Title VII claim.

**B. Plaintiff's Motions to Amend the Complaint to Assert Punitive Damages Arising Out of Her Retaliation Claim Under Minnesota Law - Minnesota Human Rights Act**

In the Federal Courts of this District, the pleading of a punitive damage claim, under causes of action premised upon the laws of the State of Minnesota, must generally conform to the requisites of Minn. Stat. §§ 549.191 and 549.20. See Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1256 (8th Cir. 1994); Olson v. Snap Prod., Inc., 29 F. Supp.2d 1027, 1034 (D. Minn. 1998). Under Minn. Stat. § 549.191, plaintiffs seeking to assert a punitive damage claim must first obtain the leave of the Court to do so, based upon a prima facie showing of entitlement. See Olson, 29 F. Supp.2d at 1034. "The plaintiff is not required to demonstrate an entitlement to punitive damages per se, but only an entitlement to allege such damages." Hammond v. Northland Counseling Center, Inc., No. CIV.5-96-353, 1998 WL315333 at *7 (D. Minn. Feb. 27, 1998).

If the Court finds "prima facie evidence in support of the motion, the [C]ourt shall grant the moving party permission to amend the pleadings to claim punitive damages." Minn. Stat. § 549.191. Prima facie evidence is that evidence which, ***if unrebutted***, would support a judgment in that party's favor. See Olson, 29 F. Supp.2d at 1034 (citations omitted) (emphasis added). Under the strictures of Minn. Stat. § 549.191, the Court reviews the evidence in support of a Motion to Amend as the Court would review a Motion for Entry of Judgment as a Matter of Law. Id.; see also Fed. R. Civ.

P. 50(a). "Thus, in reaching such a determination, the Court makes no credibility rulings, nor does the Court consider any challenge, by cross-examination or otherwise, to the Plaintiff's proof." Olson, 29 F. Supp.2d at 1034 (citations omitted).

In evaluating the existence of a prima facie showing for the assertion of a claim for punitive damages, the Court must recognize that punitive damages are intended to punish a defendant, or to make an example of a defendant's wrongdoing, and not to compensate the plaintiff who has already been compensated. Id. at 1035. As a consequence, punitive damages may only be awarded when a defendant's conduct reaches a threshold level of culpability. Id. Accordingly, "[a] mere showing of negligence is not sufficient; instead, the conduct must be done with malicious, willful, or reckless disregard for the rights of others." Olson, 29 F. Supp.2d at 1035 (citations omitted).

Minn. Stat. § 549.20 (1)(a) provides that "[p]unitive damages shall be allowed in civil actions only upon clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others." The term "deliberate disregard" is comprehensively defined in the statute, as follows:

> (b) A defendant has acted with deliberate disregard for the rights or safety of others if the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the rights or safety of others and:
>
> > (1) deliberately proceeds to act in conscious or intentional disregard of the high degree of probability of injury to the rights or safety of others; or
> > (2) deliberately proceeds to act with indifference to the high probability of injury to the rights or safety of others.

Minn. Stat. § 549.20 (1)(b). "Where the evidence is sufficient to permit the jury to conclude that it is 'highly probable' that the defendant acted with deliberate disregard to the rights or safety of others, the 'clear and convincing' standard is satisfied." Olson, 29 F. Supp.2d at 1035-36. Ultimately, when

presented with a motion for leave to assert a punitive damage claim, the Court must do more than "rubber stamp" the allegations in the motion papers. Id. at 1036 (citations omitted). The Court must independently ascertain whether there exists prima facie evidence that the defendant acted with a deliberate disregard of the rights or safety of others. In considering the Motion to Amend, the facts are recounted from a fair reading of Plaintiff's version of the evidence.

Here, Plaintiff has submitted prima facie evidence that Defendant acted in deliberate disregard of Plaintiff's right not to be retaliated against for engaging in protected conduct. Plaintiff's evidence shows that: (1) she complained about two supervisors' sexually harassing behavior to Vice-President of the Company; (2) the Vice President informed a colleague of his intent to terminate Plaintiff soon after she made her complaints; (3) following her complaints, one of the supervisors she complained about was heard to say that there would be "retaliation if people went over his head" (4) approximately four months after her complaint, the supervisors she had complained about were selected to conduct an investigation into her alleged misconduct (altering drug test results during the hiring of an employee); (5) the alleged misconduct occurred over two years before the investigation; (6) Plaintiff was terminated following the investigation of her own two year old conduct. This record, if unrebutted, would constitute clear and convincing evidence that Defendant acted with malice and with deliberate disregard of Plaintiff's right to be free from retaliation.

Plaintiff's prima facie evidence demonstrates that she is entitled to plead a claim for punitive damages arising out of her retaliation claim under the Minnesota Human Right Act ("MHRA"), leaving to the jury the propriety for such an award under the facts of this case. Accordingly, her motion to amend the complaint to assert punitive damages arising out of retaliation claim under the MHRA will be granted.

## III. ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Amend the Complaint to Assert a Claim for Punitive Damages [#17] is **GRANTED**;

2. Plaintiff is directed to file, forthwith, her Amended Complaint, in substantially the form and content as was filed in support of the Motion to Amend, and Defendant is directed to serve an Amended Answer in accordance with the governing Rules of Civil Procedure.

DATED: Aug 22, 2002

Franklin L. Noel
FRANKLIN L. NOEL
United States Magistrate Judge